# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER McCALLSON, an individual,<br><br>Plaintiff,<br>vs.<br>JOELLE G. PERRY, an individual, DOE 1, personal representative of the estate of Frederick Perry deceased, HARTFORD LIFE INSURANCE COMPANY, DOES 2 through 20, inclusive,<br><br>Defendants | CASE NO. 10cv1831 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Stipulation Re: Good Faith Settlement [California Code of Civil Procedure Section 877.6] (ECF No. 24).

## BACKGROUND

On September 3, 2010, this case was removed from the San Diego County, Superior Court of California. (ECF No. 1). On December 29, 2010, Plaintiff Jennifer McCallson ("McCallson") and Defendants Joelle Perry ("Perry") and the personal representative of the Estate of Frederick Perry ("Estate of Frederick Perry") filed a Stipulation Re: Good Faith Settlement [California Code of Civil Procedure Section 877.6] (ECF No. 24).

The parties have attached a copy of the Mediation Settlement Agreement ("settlement agreement") to the Stipulation as Exhibit A. The settlement agreement provides as follows:

1 "Defendant shall pay to Plaintiff $150,000 cash, plus interest thereon actually earned after the date of this Agreement ...." *Id*. at 6. "Defendant shall proceed to market and sell the single family house commonly known as 1925 Morello Ave., Pleasant Hill, CA 94523 ... [t]he sum of $125,000 shall be due and payable By Defendants to Plaintiff ... promptly upon closing of sale of the Pleasant Hill Property ...." *Id*. "Defendant shall pay to Plaintiff, not later than 90 days after close of escrow on sale of the Pleasant Hill Property, an additional $150,000 cash ...." *Id*. at 7. Defendant shall pay to Plaintiff, not later than April 24, 2012, a final sum of $50,000 cash ...." *Id*. "Defendant will grant Plaintiff a deed of trust with non-judicial power of sale on the property commonly referred to as 2570 Damon Rd., Carson City, Nevada 89701 ... in the amount of $150,000 subject to foreclosure proceedings only if the Pleaant Hill Property has been sold and the $150,000 due thereafter is not paid within 90 days of close of escrow ...." *Id*. "Promptly upon payment of the $150,000 after sale of the Pleasant Hill Property, Defendant will grant Plaintiff a further deed of trust with non-judicial power of sale on the Nevada Property in the amount of $50,000. Plaintiff shall subordinate the $50,000 deed of trust to a senior encumbrance for the sole purpose of securing financing used exclusively to pay Plaintiff under this Agreement" *Id*. at 7-8. "Plaintiff and Defendant shall each bear their own attorney fees and costs." *Id*. at 8. "It is understood that this is a full and final release of any and all claims ...." *Id*.

The Stipulation provides: "the settlement is contingent upon a determination that the settlement is in good faith pursuant to California code of Civil Procedure section 877.6 " *Id*. at 2. "[T]he settlement was the product of arms-length, informed negotiations." *Id*. "The terms of the settlement, including the amount thereof, are adequate and reasonable." *Id*. "There is no evidence of fraud or collusion by and among McCallson and Perry aimed at harming Hartford." *Id*. "The amount of the settlement relative to the proportionate potential liability of Perry and the approximate total potential recovery of Jennifer McCallson is fair." *Id*.

The parties filed Proof of Service that on December 29, 2010, the parties to this action were served by mail with the Stipulation Re: Good Faith Settlement [California Code of Civil Procedure Section 877.6] and Proposed Order. (ECF No. 24-1 at 2). To date, no party has

filed any motion to contest the good faith of the settlement between Plaintiff McCallson and Defendants Perry and the Estate of Frederick Perry .

## DISCUSSION

Section 877.6 of the California Code of Civil Procedure provides:

> [A] settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. The application shall indicate the settling parties, and the basis, terms, and amount of the settlement. The notice, application, and proposed order shall be given by certified mail, return receipt requested. Proof of service shall be filed with the court. Within 25 days of the mailing of the notice, application, and proposed order, or within 20 days of personal service, a nonsettling party may file a notice of motion to contest the good faith of the settlement. If none of the nonsettling parties files a motion within 25 days of mailing of the notice, application, and proposed order, or within 20 days of personal service, the court may approve the settlement.

Cal. Code. Civ. Proc. § 877.6(a)(2).

When making a determination that a settlement was made in good faith pursuant to section 887.6(a)(2), a court considers the following: (1) the amount of the settlement; (2) a rough approximation of plaintiff's total recover and the settlers proportionate liability; (3) allocation of settlement proceeds among the plaintiff's settlement; (4) the settlers financial condition and insurance limits; (5) evidence of fraud or collusion; and (5) a recognition that a settler should pay less in settlement than he would if he were found liable at trial. *Tech-Bilt, Inc. v. Woodward-Clyde & Associates,* 38 Cal. 3d 488, 499-500 (1985).

More than 25 days have passed since the mailing of the Stipulation and Proposed Order, and none of the nonsettling parties have filed a motion to contest the good faith of the settlement. Based on the non-opposition of any party to this action, and the Court's review of the settlement agreement between Plaintiff McCallson and Defendants Perry and the Estate of Frederick Perry and review of the factors articulated in *Tech-Bilt,* 38 Cal. 3d 488, the Court finds that the settlement between Plaintiff McCallson and Defendants Perry and the Estate of Frederick Perry was made in good faith.

IT IS HEREBY ORDERED that the Stipulation Re: Good Faith Settlement [California Code of Civil Procedure Section 877.6] (ECF No. 24) is **GRANTED.** The Court determines that the settlement between Plaintiff McCallson and Defendants Perry and the Estate of

Frederick Perry was made in good faith and approves the settlement, pursuant to California Code of Civil Procedure section 877.6(a)(2).

DATED: February 9, 2011

_____
**WILLIAM Q. HAYES**
United States District Judge